IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EMMANUEL O. FAYEMI,<br><br>      Plaintiff,<br><br>    v.<br><br>RODNEY WALTERS, JOHN R. WALTON, BRAD TOMASELLO, MICHAEL SPRINGER, and WESTMORELAND COUNTY PRISON,<br><br>      Defendants. | Civil Action No. 23-1831<br><br>District Judge W. Scott Hardy<br>Magistrate Judge Christopher B. Brown |

## MEMORANDUM ORDER

This matter comes before the Court after *pro se* Plaintiff Emmanuel O. Fayemi declined to file objections to the Report and Recommendation ("R&R") (Docket No. 21) entered by Magistrate Judge Christopher B. Brown on August 2, 2024. The R&R recommends that the Complaint (Docket No. 8), deemed filed on October 18, 2023, be dismissed with prejudice based on Plaintiff's failure to prosecute this action. (Docket No. 21 at 1, 6). Alternatively, the R&R recommends that Defendants' Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted Pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Motion to Dismiss") (Docket No. 14) be granted, as Plaintiff's claims are time-barred. (Docket No. 21 at 1, 6). Service of the R&R was made on Plaintiff by mail[1] and on Defendants through CM/ECF, and the parties

---

[1] As explained, *infra*, the R&R was sent to Plaintiff at the address he last provided to the Court (the Washington County Jail), as indicated on the docket, and that mailing has not been returned to the Court. Although a mailing that the Court had previously sent to Plaintiff at that same address was later returned, unopened, to the Court indicating that Plaintiff had been released on March 22, 2024, Plaintiff did not notify the Court of any change of address, as required by the Court's Standing Practice Order for Pro Se Civil Rights Cases ("Standing Practice Order"). (*See* Docket No. 3 at 6 ("**The plaintiff is under a continuing obligation to notify the Court of any change of his/her address by filing a separate document entitled "Notice of Change of Address." Failure to do so may result in the dismissal of the case if the Court or defendant(s) are not able to serve documents upon the plaintiff because he/she has not kept his address of record current**." (bold in original))). Moreover, the Standing Practice Order was

1

were informed that any objections to same were due by August 19, 2024, for registered users of CM/ECF, and by August 22, 2024, for non-electronically registered parties.  (*Id.* at 6 and docket entry text).  Thereafter, no party filed objections to the R&R.

The Federal Rules of Civil Procedure provide that a party may file specific written objections to the proposed findings and recommendations of a magistrate judge, and a district judge must conduct a *de novo* review of any part of the R&R that has been properly objected to. *See* Fed. R. Civ. P. 72(b)(2), (3); 28 U.S.C. § 636(b)(1).  Here, however, because neither Plaintiff nor Defendants filed any objections to the R&R – which explicitly stated that failure to file objections in a timely manner "will waive the right to appeal" (Docket No. 21 at 6) – we review the magistrate judge's decision for plain error.  *See Brightwell v. Lehman*, 637 F.3d 187, 193 n.7 (3d Cir. 2011) (citing *Nara v. Frank,* 488 F.3d 187, 194 (3d Cir. 2007)); *see also* Fed. R. Civ. P. 72(b), Advisory Committee Notes, 1983 Addition ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citing *Campbell v. United States Dist. Ct. for N.D. Cal.*, 501 F.2d 196, 206 (9th Cir.), *cert. denied*, 419 U.S. 879 (1974))).

In this case, upon careful review of the R&R as well as the entire record, the Court will accept Judge Brown's primary recommendation and dismiss the Complaint for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).  In so doing, the Court agrees with Judge Brown that, after Defendants filed their Motion to Dismiss in this case, Plaintiff was ordered to file a response to the motion or an amended complaint (Docket No. 17), but Plaintiff failed to do so. (Docket No. 21 at 2-3).  The Court also agrees that an Order to Show Cause (Docket No. 20) was

---

filed on the docket at the outset of this case, and Plaintiff was clearly aware of this notification requirement, as he previously filed a notice of change of address with the Court in accordance with the Court's Standing Practice Order. (*See* Docket No. 11 (notifying the Court that he had been moved from the Westmoreland County Jail to the Washington County Jail)).

then issued, directing Plaintiff either to explain his failure to comply or to file a response to the Motion to Dismiss or an amended complaint, and warning Plaintiff that failure to respond may result in the matter being dismissed for failure to prosecute. (*Id.* at 3). To date, Plaintiff has still failed to comply with the Court's orders. (*Id.*). The Court further notes that, as Judge Brown indicated, Plaintiff was served with the scheduling order and the Order to Show Cause at his listed address of record at the Washington County Jail (which Plaintiff had provided via a notice of change of address, filed on December 18, 2023 (Docket No. 11)), but the Washington County Jail returned the unopened envelope to the Court with a notation that Plaintiff had been released from custody on March 22, 2024. (Docket No. 21 at 3). Additionally, the Court agrees with Judge Brown's consideration of the *Poulis* factors in assessing whether dismissal of the Complaint is appropriate here, which ultimately weigh in favor of dismissal of the instant action. (*Id.* at 3-5 (applying to this case the factors set forth in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984))). As such, the Court will accept the R&R's primary recommended disposition that the Complaint be dismissed for failure to prosecute, and adopt the R&R as the Opinion of the Court.[2]

Accordingly, in view of the foregoing, the Court enters the following Order:

AND NOW, this 23rd day of September, 2024,

IT IS HEREBY ORDERED that the Report and Recommendation (Docket No. 21) is ADOPTED as the Opinion of the Court, and the Complaint is DISMISSED WITH PREJUDICE for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

---

[2] The Court notes that, although Plaintiff's Complaint is being dismissed for failure to prosecute, the Court also agrees with Judge Brown's alternative recommendation that, because Plaintiff's claims are barred by the applicable statute of limitations, the Complaint could also be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (Docket No. 21 at 5).

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Docket No. 14) is DENIED AS MOOT.

The Clerk of Court shall mark this case closed.

*/s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf:  The Honorable Christopher B. Brown
Emmanuel O. Fayemi (via U.S. Mail)
All counsel of record